Andrew T. Dennehy v. Commissioner.
Dennehy v. Commissioner
Docket No. 37040.
United States Tax Court
1953 Tax Ct. Memo LEXIS 177; 12 T.C.M. (CCH) 800; T.C.M. (RIA) 53248; July 8, 1953
Andrew T. Dennehy, Pawtucket, R.I., pro se. Nathan M. Silverstein, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $99.60 in income tax for the year 1949. The only question is whether the petitioner is entitled to a claimed exemption for his wife. All of the facts have been stipulated. They are as follows: The petitioner is an individual with residence in Pawtucket, Rhode Island. He filed a separate return for the taxable period involved with the collector of internal revenue for the district of Rhode Island. In his return the petitioner claimed as exemptions, himself, his wife, M. Josephine, and his son, Andrew. The petitioner's wife filed a separate *178 return on Form 1040A for the year 1949 with the same collector and reported thereon as total wages $275 received from Pawtucket School Department, Pawtucket. An amount of $41.40 was withheld from wages and no tax was due on this amount. Section 25 (a) and (b) (1) (A) of the Internal Revenue Code provides an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer (which is the case here) "and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer". [Italics supplied] The burden is on the taxpayer to prove the error of the Commissioner's determination. It was incumbent on him, therefore, in order to claim the exemption, to prove that his wife had no gross income in the taxable year. The taxpayer appeared pro se at the hearing and stated to the Court that his wife had "no earnings of any consequence, or that mean anything". The following colloquy also took place: THE COURT: "You're not in a position to state under oath, are you, that your wife didn't earn any income which she reported on her individual income tax *179 return?" MR. DENNEHY: "I can swear she didn't earn any income that I have knowledge of. I know she didn't earn any money. This money she earned as a substitute teacher, whatever it is, I can admit that, but I have no record of it." In view of the stipulated facts relative to the separate return filed by the taxpayer's wife and the presumptive correctness of the Commissioner's determination, we must hold that the taxpayer has not met his burden of proof that his wife had no gross income. The statement made to the Court by the taxpayer in this respect is equivocal at best and alone does not establish that his wife had no gross income. The establishment of that fact was a necessary part of the taxpayer's case. The wife was not a witness. Accordingly, the Commissioner's determination is sustained. Decision will be entered for the respondent.